UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEC FABER, individually and on : 
behalf of others similarly situated, :
: 3:20-cv-471 (MAD/ML)
:
                               Plaintiff, : ___ Civ. ___ (___) (___)
:
      -against- : **CLASS ACTION COMPLAINT**
: **(JURY TRIAL DEMANDED)**
CORNELL UNIVERSITY, :
:
                              Defendant. :
:
------------------------------------------------------------x

       Plaintiff Alec Faber ("Plaintiff") by and through undersigned counsel, brings this action against Cornell University ("Defendant" or the "University") on behalf of himself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## INTRODUCTION

      1.      Plaintiff brings this case as a result of Defendant's decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

      2.      While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, meals, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

      3.      Defendant has either refused to provide reimbursement for the tuition, meals, fees and other costs that Defendant is no longer providing, or has provided inadequate and/or

arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

## PARTIES

5. Defendant Cornell University is a private institution of higher learning located in Ithaca, New York.

6. Upon information and belief, Defendant has an estimated endowment of approximately $7.3 Billion.[1]

7. Moreover, upon information and belief, Defendant may be eligible to receive federal stimulus under the CARES Act. The CARES Act directs that approximately $14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8. Plaintiff is an individual and a resident and citizen of the State of New Jersey.

9. Plaintiff is currently enrolled as a full-time student in Defendant's undergraduate program, studying city planning.

10. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing.

11. There are hundreds, if not thousands, of institutions of higher learning in this country.

12. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical

---

[1] https://cornellsun.com/2019/10/17/cornell-endowment-posts-5-3-return-trailing-most-ivy-league-colleges/

attendance by the students.

13. Defendant's institution offers in in-person, hands-on curriculum.

14. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

15. The tuition for in-person instruction at Defendant's institution covers not just the academic instruction, but encompasses an entirely different experience which includes but is not limited to:

   i. Face-to-face interaction with professors, mentors, and peers;
   ii. Access to facilities such as computer labs, study rooms, laboratories, libraries, etc.;
   iii. Student governance and student unions;
   iv. Extra-curricular activities, groups, intramurals, etc.;
   v. Student art, cultures, and other activities;
   vi. Social development and independence;
   vii. Hands-on learning and experimentation; and
   viii. Networking and mentorship opportunities.

16. Plaintiff's education has transitioned from in-person, hands-on learning to online instruction.

17. Plaintiff's online instruction is not commensurate with the same classes being taught in person.

18. In addition to tuition, Plaintiff was required to pay certain mandatory fees, including, but not limited to, a student activity fee, together with other optional fees, including,

but not limited to, a membership fee to join the Cornell Fitness Center.

19. As a result of the campus lockdown, and his being moved off campus, Plaintiff no longer has the benefit of the services for which these fees have been paid.

20. For example, the Noyes Fitness Center closed at 8:00 p.m. on March 16, 2020, and has remained closed since that date.[2]

21. Most other campus activities, athletic events, intramurals, extra-circulars, and on-campus opportunities have also been suspended.

22. In addition to the tuition and fees described above, although Plaintiff lived in off-campus housing, Plaintiff paid a substantial meal plan fee for a meal plan providing for on-campus dining.

23. At Defendant's request and direction, Plaintiff vacated campus on March 14, 2020 and has not returned since, nor had access to any meals under his meal plan since that date.

**JURISDICTION AND VENUE**

24. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from the Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

25. This Court has personal jurisdiction over Defendant because Defendant is domiciled in New York and conducts business in New York.

26. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is an educational institution domiciled and doing business in this District.

**FACTUAL ALLEGATIONS**

---

[2] https://recreation.athletics.cornell.edu/noyes

27. Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 21, 2020.[3]

28. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 16, 2020 and commencement ceremonies on May 24, 2020.[4]

29. Accordingly, Defendant's Spring semester was scheduled and contracted to consist of approximately 116 days.

30. However, as a result of the COVID-19 pandemic, Defendant announced on March 13, 2020 that it was suspending all classes effective immediately.[5]

31. In this March 13, 2020 announcement from the University to Students, President Pollack announced that all undergraduate and most professional students were required to leave campus no later than March 29, 2020, absent receiving an exception. The "directive" further "strongly encouraged" students to leave campus prior to the deadline, namely, as soon as possible:[6]

> All undergraduate students and most professional students are strongly encouraged to return as soon as feasible to their permanent home residences; you must leave campus no later than March 29, unless you receive an exception to stay in on-

> I implore each of our students to comply with this directive. You can do your part to help de-densify the campus and make it safer for those who need to stay by leaving as soon as possible. And as I mentioned in my March 11 message, once you return home, please practice social distancing there as well, avoiding large gatherings.

32. Almost immediately, students began requesting refunds for the fees and charges demanded in this action.

33. As early as the middle of March, the students at Defendant's institution started a

---

[3] https://registrar.cornell.edu/academic-calendar
[4] Id.
[5] https://statements.cornell.edu/2020/20200313-5MTe7Z-update-on-classes.cfm
[6] Id.

change.org petition which, at the current time, has over 2,000 signatures.[7]

34. Students from throughout the University expressed support.:[8]



Mar 11, 2020

I know this was out of Cornell's control, but if we are going to have to sacrifice the entire rest of the semester's worth of tools, dining plan meals, clubs, research opportunities, office hours and lectures in person, friends, housing, sports, Cornell jobs, department & school resources, library use, etc, I want each person to get at LEAST a partial refund. Cornell shutting down all of the sudden causes so much complication, anxiety, and rushing to already-challenging student life. Last minute plane flights, especially internationally, are unprecedented and costly. Students are suddenly out of their campus jobs. Some students cannot even go back home, and are scrambling. I live in Ithaca, but am going to take a SEVERE financial blow.

♡ 0                                                                                                    Report



1 month ago

The whole point of going to this school is to have access to its professors which are among the best in their fields switching into online classes will hinder this and defeat the purpose of the heightened tuition to attend. I feel a partial refund to reflect this would be fair

♡ 8  ·  Report



1 month ago

We paid dining, tuition, and housing with the expectation that we would use these facilities for the FULL semester. Since this is no longer the case, partial refunding is not a ludicrous proposition.

♡ 2  ·  Report

---

[7] https://www.change.org/p/cornell-partial-tuition-refund-2020
[8] Id.



35. On April 1, 2020, *The Cornell Daily Sun* published an article specifically questioning Defendant's refusal to refund Fitness Center membership fees.[9]

36. Nonetheless, Defendant has refused, and continues to refuse, to offer any pro-rated tuition refunds:[10]

> **Will I receive a refund on my tuition?**
>
> At this time, Cornell remains open and all classes have moved to online instruction. Because the spring semester is scheduled to continue, there are no plans for tuition reimbursement.

37. Although Defendant is still offering some level of academic instruction via online classes, Plaintiff and members of the proposed Tuition Class (as defined in paragraph 44) have been and will be deprived of the benefits of on-campus learning as set forth more fully above.

38. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of their lives.

39. Likewise, Defendant has refused, and continues to refuse, to issue any pro-rated refunds for the Student Activity and other fees:[11]

> **Will I receive a refund for my Student Activity Fee?** ⓘ NEW APRIL 20
>
> The Student Activity Fee, which is managed by the Student Assembly, will not be refunded. Many of the funds that

40. Accordingly, Plaintiff and members of the proposed Fees Class (as defined in

---

[9] https://cornellsun.com/2020/04/01/cornell-fitness-centers-currently-not-offering-refunds/
[10] https://www.cornell.edu/coronavirus/teaching-learning/students.cfm#finance
[11] Id.

paragraph 44) have been, and will continue to be, deprived of utilizing services for which they have already paid, such as access to student activities and the Fitness Center.

41. Defendant has announced that it will offer a pro-rated refund on room and board fees.[12] However, upon information and belief, Defendant intends to calculate this refund from a pro-rated date of March 29, 2020, even though Defendant determined that it was unsafe for students to remain on campus as early as March 13, 2020, and directed students to begin vacating campus on that date.

42. It is unfair and unjust for Defendant to retain meal fees from March 13, 2020 (the date students were directed to leave campus) to March 29, 2020 (the date Defendant has arbitrarily decided to pro-rate from).

43. Defendant's proposed meal plan refund is inadequate and in breach of their contract with the Meals Class as set forth more fully below.

## CLASS ACTION ALLEGATION

44. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

> **The Tuition Class:**
>
> All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester but were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.
>
> **The Fees Class:**
>
> All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

---

[12] https://www.cornell.edu/coronavirus/residential-life.cfm#housing-dining

**The Meals Class:**

All people who paid costs for or on behalf of students for meals and on-campus dining at the University for the Spring 2020 semester.

45. Excluded from the Classes are The Board of Trustees of Cornell University (or similar governing body) and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

46. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

47. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

## Numerosity: Fed. R. Civ. P. 23(a)(1)

48. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

## Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

49. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   i. Whether Defendant engaged in the conduct alleged herein;

ii. Whether there is a difference in value between online distance learning and live in-person instruction;

iii. Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

iv. Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

v. Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

vi. Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

vii. Whether Defendant breached its contracts with Plaintiff and the other members of the Meals Class by retaining costs for food and on-campus dining without providing those services which the costs were intended to cover;

viii. Whether Defendant was unjustly enriched by retaining payments of Plaintiff and the other members of the Meals Class without providing the food and on-campus dining options which those costs were intended to cover;

ix. Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

    x.    Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

    xi.    The amount and nature of relief to be awarded to Plaintiff and the other Class members.

## **Typicality: Fed. R. Civ. P. 23(a)(3)**

50.    Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

## **Adequacy: Fed. R. Civ. P. 23(a)(4)**

51.    Plaintiff is an adequate Class representative because his interests do not conflict with the interests of other members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

## **Superiority: Fed. R. Civ. P. 23(b)(3)**

52.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

53.    Even if Class members could afford individual litigation, the Court system likely could not. Individualized litigation creates a potential for inconsistent or contradictory

judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

**Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)**

54. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**

55. The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

**FOR A FIRST COLLECTIVE CAUSE OF ACTION
BREACH OF CONTRACT
(Plaintiff and Other Members of the Tuition Class)**

56. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

57. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

58. Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a physical classroom.

59. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out of pocket or by using student loan financing.

60. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

61. The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

62. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including, but not limited to, being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

63. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

64. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

65. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

66. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

67. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

68. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when they paid the tuition.

69. Defendant has realized this benefit by accepting such payment.

70. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

71. Equity and good conscience require that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

72. Defendant should be required to disgorge this unjust enrichment.

### FOR A THIRD COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Fees Class)

73. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

74. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

75. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

76. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out of pocket or by using student financing.

77. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively

evicting students from campus, and the closing most campus buildings and facilities, without reducing or refunding the fees accordingly.

78. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

79. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including, but not limited to, being deprived of the value of the benefits and services the fees were intended to cover.

80. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include, but not be limited to, disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

### FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

81. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

82. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

83. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

84. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

85. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

86. Defendant has realized this benefit by accepting such payment.

87. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

88. Equity and good conscience require that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

89. Defendant should be required to disgorge this unjust enrichment.

**FOR A FIFTH COLLECTIVE CAUSE OF ACTION
BREACH OF CONTRACT
(Plaintiff and Other Members of the Meals Class)**

90. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

91. Plaintiff brings this count on behalf of himself and other members of the Meals Class.

92. Plaintiff and the Meals Class entered into contracts with the University which provided that Plaintiff and other members of the Meals Class would pay certain fees for or on behalf of students and, in exchange, the University would provide meals and on-campus dining options.

93. Plaintiff and other members of the Meals Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out of pocket or by using student financing.

94. The University breached the contract with Plaintiff and the Meals Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities, including dining facilities, without reducing or refunding the fees accordingly.

95. The University retained fees paid by Plaintiff and other members of the Meals

Class, without providing them the full benefit of their bargain.

96. Plaintiff and other members of the Meals Class have suffered damage as a direct and proximate result of Defendant's breach, including, but not limited to, being deprived of the value of the benefits and services the fees were intended to cover.

97. As a direct and proximate result of Defendant's breach, Plaintiff and the Meals Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include, but not be limited to, disgorgement of the pro-rata amount of fees that was collected but for which meals and services were not provided.

## FOR A SIXTH COLLECTIVE CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Meals Class)

98. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

99. Plaintiff brings this count on behalf of himself and other members of the Meals Class.

100. The University has received a benefit at the expense of Plaintiff and other members of the Meals Class to which it is not entitled.

101. Plaintiff and other members of the Meals Class paid fees for access to on-campus meals and dining options.

102. Plaintiff and other members of the Meals Class conferred this benefit on Defendant when they paid the fees.

103. Defendant has realized this benefit by accepting such payment.

104. Defendant has retained this benefit, even though Defendant has failed to provide the meals and services for which the fees were collected, making Defendant's retention unjust under the circumstances.

105. Equity and good conscience require that the University return a pro-rata portion of the monies paid in meal fees to Plaintiff and other members of the Meals Class.

106. Defendant should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Classes, pray for judgment in their favor and against Defendant as follows:

    a.    Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

    b.    Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

    c.    Declaring that Defendant has wrongfully kept monies paid for tuition, fees, on-campus housing, and meals;

    d.    Requiring that Defendant disgorge amounts wrongfully obtained for tuition, fees, and meals;

    e.    Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition, fees, and meals;

    f.    Scheduling a trial by jury in this action;

    g.    Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

    h.    Awarding pre and post-judgment interest on any amounts awarded, as permitted by law; and

    i.    Awarding such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: April 25, 2020

                              **LYNN LAW FIRM, LLP**
                              By:  /s/ Kelsey W. Shannon
                                  Kelsey W. Shannon
                              Bar Role No. 520477
                              101 South Salina Street, Suite 750
                              Syracuse, New York 13202-4983
                              Tel: (315) 474-1267
                              E-mail: kshannon@lynnlaw.com

                                        -and-

                              **TOPTANI LAW PLLC**
                              Edward Toptani (*Pro Hac Vice* Admission Pending)
                              375 Pearl Street, Suite 1410
                              New York, New York 10038
                              Tel: (212) 699-8930
                              Email: edward@toptanilaw.com

                                        -and-

                              **ANASTOPOULO LAW FIRM, LLC**
                              Eric M. Poulin (*Pro Hac Vice* Admission Pending)
                              Roy T. Willey IV (*Pro Hac Vice* Admission Pending)
                              32 Ann Street
                              Charleston, South Carolina 29403
                              Tel: (843) 614-8888
                              Email: eric@akimlawfirm.com
                                        roy@akimlawfirm.com

                              **ATTORNEYS FOR PLAINTIFF(S)**